**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-20103**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JAMES E. BROWN,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-00-CR-86-1)**

_____

October 15, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

James E. Brown appeals the sentence imposed following his guilty plea to possession of counterfeit securities. He contends that the district court abused its discretion in departing upward pursuant to U.S.S.G. § 4A1.3, which provides for a departure when the defendant's criminal history category significantly under represents his history or the likelihood that he may commit further crimes.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To the extent Brown asserts that, during sentencing, the district court improperly referenced Brown's 15 prior juvenile *arrests* and erroneously stated that Brown was involved as an adult in grand theft, it is doubtful that Brown preserved this issue. After the district court pronounced sentence, Brown's counsel made two objections:  one regarding the fine imposed and the other asserting the court should have applied a criminal history category of IV rather than V.  In an earlier objection at sentencing to the upward departure motion, Brown's counsel contended that the court should not rely upon Brown's juvenile *offenses* (as opposed to arrests) in considering an upward departure.  Brown's counsel also filed written objections to the pre-sentence investigation report; only two were relevant to Brown's criminal history.  The first asserted the dispositions of Brown's arrests for grand theft and assault were not unknown, as alleged in the presentence investigation report, and that Brown was acquitted of these charges.  The second asserted the information regarding Brown's 15 prior juvenile arrests was erroneous as, contrary to the pre-sentence investigation report, Brown did not provide such information to the Texas Department of Criminal Justice, Institutional Division.

Arguably, none of these objections properly preserved Brown's current assertion regarding the reference by the district judge to Brown's juvenile arrests and the assertion by the district judge

that the grand theft was committed as an adult.  If not properly preserved this issue would be reviewed only for plain error.  *See, e.g., **United States v. Maldonado***, 42 F.3d 906, 909-13 (5th Cir. 1995)(applying plain error standard of review where defendant moved to suppress evidence on different grounds in the district court).  Nevertheless, even if this issue was properly preserved, we would still affirm Brown's sentence for the following reasons.

We find no clear error in the district court's finding that Brown's criminal history category under represented the seriousness of his history, which included adult criminal convictions that were not counted in computing his criminal history score.  *See **United States v. Laury***, 985 F.2d 1293, 1310 (5th Cir. 1993) (reviewing for clear error a finding of fact that a defendant's "criminal history category did not adequately reflect the seriousness of his past criminal conduct").  We also perceive no abuse of discretion in the court's decision to depart upward because of Brown's extensive criminal history.  *See **id.*** Although, as mentioned previously, the court referenced prior arrests that may not have resulted in convictions, such references do not entitle Brown to relief in light of the valid bases for the upward departure.  *See **United States v. Kay***, 83 F.3d 98, 101 (5th Cir.) (a "sentence may be found to be reasonable even though one or more of the reasons assigned in justification of the departure be deemed invalid, provided the

3

remaining reasons suffice to justify the departure"), *cert. denied*,

519 U.S. 898 (1996).

***AFFIRMED***